*120
Curia, per

Evans, J.
On the trial of this case, it seemed to me that it was identical with the case of the Ordinary vs. Wallace, decided in the Court of Errors (1 Rich. 567.) But on examining that case, I am satisfied the cases are clearly distinguishable from each other. The question in this case was, whether a debt which had been recovered by an action at law against the administrator, was the debt of the intestate. If Súber had recovered against Wilson in his lifetime, and had afterwards brought an action to revive it, I suppose it would have been incompetent for the administrator' of Cates to have set up, by way of defence, anything which was or might have been pleaded in the action against Wilson ; and if Cates would have been concluded, then for the same reason his surety to the Ordinary would have been concluded also. Between a judgment against the intestate, and a judgment against the administrator, there can be no difference as to the conclusiveness of it, unless there be some fraud or collusion between the creditor and the administrator. If an administrator, by fraud or collusion with a creditor, allow him to obtain a judgment on a cause of action which has been paid or discharged, I think the sureties of the administrator might defend themselves on this ground. But if everything was open to them, there would be no end of litigation.
On the second trial of the case of the Ordinary vs. Wallace, the question arose, whether the sureties of the administrators could impeach the decree of the Court of Equity for fraud, and it was decided they could not. (2 Rich. 460.) To that decision I gave my assent, because it belonged to that Court to reverse its own decree. It was competent for it to do so, upon a proper case made. No such objection will apply where the judgment is impeached in the Court where the original judgment was rendered. It seems to me that, for the reasons above stated, this case rests on entirely different grounds from the judgment of the Court of Errors in Wallace’s case, and it is not intended, by any thing in this opinion, to impeach the accuracy or authority of that case.
*121 I think, therefore, there was error in the Circuit Court, to allow the defendant to set aside the judgment of Súber vs. Cates as administrator, on any other ground than fraud or collusion between them.
The motion for a new trial must therefore be granted.
O’Neall, Wardlaw and Withers, JJ. concurred.
Frost, J. dissented.

Motion granted.